IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**CORINTHAIN S. WITCHER,**

    **Petitioner,**

v.                                                                                 Civil Action No. 3:23cv862

**KEVIN PUNTARI,**

    **Respondent.**

## MEMORANDUM OPINION

Petitioner, a Virginia inmate proceeding *pro se*, filed a 28 U.S.C. § 2254 petition ("§ 2254 Petition"). (ECF No. 6.) Petitioner appeared to have complied with the Court's previous orders that his § 2254 Petition must comply with Rule 2 of the Rules Governing Section 2254 Cases which requires that petitions pursuant to 28 U.S.C. § 2254 must "be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." (*See* ECF Nos. 3, 5.) Accordingly, by Memorandum Order entered on March 28, 2024, the Court directed Petitioner to show cause why his petition should not be dismissed for lack of exhaustion. (ECF No. 7.)

On April 16, 2024, the United States Postal Service returned the March 28, 2024 Memorandum Order to the Court marked, "RETURN TO SENDER," and "NO LONGER AT THIS INSTITUTION." (ECF No. 8, at 1.) However, it appeared that Petitioner remained incarcerated within the Virginia Department of Corrections, and it was unclear why the mail was returned. Accordingly, by Memorandum Order entered on April 26, 2024, the Court once again directed Petitioner to show good cause, within twenty (20) days of the date of entry thereof, why

his petition should not be dismissed for lack of exhaustion.[1] (ECF No. 9.) More than twenty (20) days have elapsed, and Petitioner has not responded.

Petitioner fails to demonstrate he has exhausted his state remedies. Moreover, the issues here may be resolved by collateral appeal. Petitioner fails to demonstrate any exceptional circumstances warranting the consideration of his habeas petition at this time. Accordingly, Petitioner's § 2254 Petition and the action will be DISMISSED WITHOUT PREJUDICE because he has failed either to demonstrate that he has exhausted available state remedies or that exceptional circumstances warrant consideration of his petition at this juncture. A certificate of appealability will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

Date: 6/4/2024
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge

---

[1] Before a state prisoner can bring a § 2254 petition in federal district court, the prisoner must first have "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Exhaustion is accomplished by presenting the claims to the Supreme Court of Virginia for review either on direct appeal or by a state habeas proceeding. In the April 26, 2024 Memorandum Order, the Court explained that, "Petitioner's § 2254 Petition fails to indicate that he has presented his claims to the Supreme Court of Virginia by direct appeal or in a state habeas proceeding. Instead, Petitioner writes "N/A" where he was asked to explain why he did not exhaust his state remedies for each claim. (See, e.g., ECF No. 6, at 5.)" (ECF No. 9, at 1–2.)